[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dunhill Personnel of New Haven, Inc., an employment service brought this action to recover fees for employment services rendered to the defendant, Jonathan J. Einhorn, an attorney. Based on a fair preponderance of the credible evidence, the court finds the following material facts, were proven. On February 13, 1989, Donna Falcone, a recruiter for the plaintiff, in a marketing effort, telephoned the defendant's, office regarding plaintiff's services and spoke with defendant's office manager, Gina Sack. In response to the marketing approach, Ms. Sack told her that the law firm would need a receptionist-secretary soon and that she would speak with Attorney Einhorn about it. Following the conversation, Ms. Falcone sent a letter to Ms. Sack, noting that a fee schedule was enclosed.
On February 15, Ms. Falcone and Ms. Sack spoke again at which time Ms. Sack said that Attorney Einhorn was interested in having Dunhill make referrals. There was general discussion in those conversations about the fact that Dunhill's fee schedule was based on the starting salary but Ms. Sack did not remember the details nor did she or Attorney Einhorn ever see a fee schedule. It was the usual procedure for Donna Falcone to send a fees schedule and discuss it before making referrals. It was not established in this case that the fee schedule was read by defendant or his office manager or that it was discussed prior to the referrals.
Subsequently, plaintiff referred Michelle DiLieto to defendant and she was hired on February 17, 1989 at a starting salary of $19,500. Subsequently, defendant was billed the sum of CT Page 224 $4,192.50 on February 21, 1989, the starting date of employment.
On February 16, 1989, Ms. Sack again requested a referral from Dunhill for the position of entry level secretary. On or about March 9, 1989, Darcy Smith was referred and hired, effective March 13, 1989. Subsequently, defendant was billed for $4,192.50, calculated according to plaintiff's fee schedule. Both invoices contained the item: "Terms: Net due within 10 days of start date per fee schedule." On April 27, 1989, the defendant wrote to Donna Falcone questioning whether the employer was obligated to pay any fee.
 "It is elementary that to create a contract there must be an unequivocal acceptance of an offer. In the case of a bilateral contract, the acceptance of the offer need not be express but may be shown by any words or acts which indicate the offeree's assent to the proposed bargain. . . . The acceptance of the offer must, however, be explicit, full and unconditional. . . . And the burden rested on the plaintiff to prove a meeting of the minds to establish its version of the claimed contract. . . ." Bridgeport Pipe Engineering Co. v. DeMotter Construction Co., 159 Conn. 242, 246 (1970).
In this case, it is evident from the evidence that there was no assent on the part of defendant to the plaintiff's fee: schedule. There was no explicit, full and unconditional acceptance of plaintiff's offer of referrals conditioned on acceptance of the fee schedule. General discussion of the plaintiff's usual fee arrangement does not suffice. Plaintiff's witness, Donna Falcone, although ultimately saying that she, specifically recalled discussing the schedule with defendant's office manager, initially testified with uncertainty about her understanding and about her "usual procedure". The court is not convinced that the defendant agreed to plaintiff's fee schedule. Accordingly, the plaintiff having failed to prove the cause of action contained in the first count, the court must find in favor of the defendant on that count. Although plaintiff did furnish services of value to defendant, no evidence was offered to support the second count seeking damages based on fair and reasonable value of services rendered. There was no credible evidence offered to support defendant's counterclaim.
For the foregoing reasons, judgment is entered in favor of the defendant on the complaint and the plaintiff on the' counterclaim. CT Page 225
BARRY R. SCHALLER, JUDGE